IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORIE ANN GOODSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-909 |
| | ) | |
| NANCY A. BERRYHILL, ACTING | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 14th day of August, 2018, upon consideration of the parties'

cross motions for summary judgment, the Court, upon review of the Commissioner of Social

Security's final decision, denying Plaintiff's claim for Disability Insurance Benefits under

Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., finds that the Commissioner's

findings are supported by substantial evidence and, accordingly, affirms.  See 42 U.S.C.

§ 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir.

1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S.

924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan,

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the

Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris,

642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]      Plaintiff argues that the decision of the Administrative Law Judge ("ALJ") that she is not
disabled is not supported by substantial evidence, particularly her formulation of Plaintiff's

residual functional capacity ("RFC").  The Court disagrees and finds that substantial evidence supports the ALJ's finding that Plaintiff is not disabled.

Plaintiff's arguments revolve around her claim that the ALJ mischaracterized portions of the record in rendering her decision.  First, Plaintiff argues that the ALJ's finding that she had "only received routine and conservative psychiatric treatment" is factually inaccurate and based on a selective reading of the medical records.  (Doc. No. 8 at 11).  However, it is important to note that the ALJ did not describe Plaintiff's psychiatric treatment in general as conservative and routine; she stated that Plaintiff "received routine and conservative psychiatric medication management" to address her symptoms.  (R. 25).  This distinction is significant because, in arguing that her treatment has not been routine and conservative, Plaintiff relies primarily on the fact that she has been prescribed psychiatric medications.  As noted above, though, the ALJ was well aware of this fact in addressing the nature of Plaintiff's psychiatric treatment.  Indeed, while Plaintiff may quibble with the use of the terms routine and conservative, she does not allege that the ALJ was actually mistaken about the substance of her treatment.  Indeed, the ALJ's discussion clearly addressed Plaintiff's use of medication and other elements of her treatment.  Her decision that this level of treatment did not support Plaintiff's subjective claims of greater limitations is supported by substantial evidence.

Plaintiff next argues that the ALJ improperly found her statements regarding her symptoms to be exaggerated.  She cites three examples in the record of the ALJ making unsupported and speculative assertions regarding her testimony as to her symptoms.  First, she contends that the ALJ lacked a proper basis for finding that she exaggerated a physical altercation while driving merely because reference to this incident was not included in the records of Dr. Melissa Albert, her treating psychologist.  Plaintiff maintains that it is illogical to assume that she would have reported every altercation to Dr. Albert, and that the incident did not have to be documented in her medical records to have occurred.  However, this does not accurately reflect the ALJ's findings.  The ALJ noted it to be "interesting" that Dr. Albert's notes contained no record of the altercation despite the fact that Plaintiff testified that she had reported the incident to Dr. Albert.  (R. 23, 26, 63-64).  It was this inconsistency, and not some insistence that every relevant incident be contained in a doctor's records, that the ALJ found to be relevant in evaluating Plaintiff's testimony.

The situation is similar in regard to Plaintiff's claim that the ALJ's reliance on the fact that she had recently gotten her fingernails done in addressing her disability claim was not supported by substantial evidence.  She asserts that it is unclear how the fact that she attends a nail salon on occasion is inconsistent with her reported symptoms and limitations.  Again, this argument does not address the ALJ's actual analysis.  The ALJ did not find that getting her nails done every two weeks weighed against Plaintiff being disabled; she found the fact that Plaintiff's nails were beautifully done at the hearing to be inconsistent with her testimony that she had been forced to leave in the middle of her most recent nail appointment due to anxiety.  (R. 22, 26, 62).

Finally, Plaintiff argues that the ALJ erred in finding her testimony as to her hallucinations to be exaggerated because she selectively ignored evidence that would establish consistent symptoms in this regard.  Specifically, she alleges that the ALJ ignored her reports of

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary

Judgment (Doc. No. 7) is DENIED and that Defendant's Motion for Summary Judgment (Doc.

No. 9) is GRANTED.


s/ Alan N. Bloch
United States District Judge



ecf:            Counsel of record

---

hallucinations in May and August of 2013. However, the ALJ expressly acknowledged those reports (R. 24), finding that there were no reported hallucinations between those alleged incidents and the alleged incidents in 2015 that coincided with her increased use of alcohol and use of controlled substances. (R. 26). The ALJ further noted that the issue was apparently resolved within a short time with new medications. (Id.).

In essence, all of the issues raised by Plaintiff address the ALJ's findings as to her credibility. When an ALJ has articulated reasons supporting a credibility determination, that determination is afforded significant deference. See Horodenski v. Comm'r of Soc. Sec., 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). The Court finds that the record more than supports such deference here. Plaintiff's position is an attempt to offer contrary interpretations as to a few of the many record facts on which the ALJ relied in addressing her credibility and in finding her not to be disabled. As discussed, however, the ALJ's consideration of these facts was supported by substantial evidence, and, in any event, these facts represent only a few of the many factors that the ALJ considered in formulating Plaintiff's RFC and in denying her claim for disability benefits.

Accordingly, for the reasons set forth herein, the Court affirms.